IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BABAJIDE O. AKINWALE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.  03-193-WDS |
| **C/O BAKER** | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge William D. Stiehl pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the court is plaintiff's Motion to Rule in Default Against Defendant Baker.  **(Doc. 47).**

Plaintiff is an inmate in the custody of the Bureau of Prisons.  He brings suit for violation of his Eighth Amendment rights pursuant to *Bivens v. Six Unknown Named Agents*, **403 U.S. 388, 91 S.Ct. 1999 (1971).**

All defendants except for defendant James Baker have been previously dismissed**.  See, Docs. 18, 41, and 49.**

Baker returned an executed waiver of service.  **See, Doc. 24**.  After the United States Attorney declined to represent him, Baker sent a letter to the court seeking an extension of time to retain a lawyer and file and answer.  The court granted an extension up to October 6, 2006.  **See, Doc. 53.**  However, Baker did not file a responsive pleading.

The court entered default on November 21, 2006.  **(Doc. 58)**.  A hearing as to damages

was held on January 25, 2007. Although notice of the hearing was sent to Baker, he did not appear and he remains in default.

### Evidence as to Damages

Plaintiff testified that, on October 11, 2001, at USP-Marion, James Baker was questioning him in connection with an investigation. Plaintiff was unclear on what it was that was being investigated. Plaintiff testified that, in an encounter which lasted 10 to 15 minutes, Baker slapped him in the face with his open hand 6 to 8 times, and kneed him in the groin.

Plaintiff also testified that Baker yelled at him, called him names such as "nigger gang-banger," and threatened him with statements to the effect that Baker was the "law" in Southern Illinois.

Plaintiff testified that he was not bleeding after this encounter. It took him about a day to recover.

### Damages on Default under 42 U.S.C. §1997e(g)

Plaintiff would clearly be entitled to default judgment and some amount of damages were it not for the fact that this case is subject to the Prison Litigation Reform Act, **42 U.S.C. §1997e.** Subsection (g) of that statute provides as follows:

> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

The court notes that Baker was ordered to file a reply by the court's order on preliminary

review, **Doc. 8, at page 5.**

This court's research has not located a case from any circuit which squarely applies the above section. Several unreported district court cases note the provision in passing, but do not undertake any analysis. **See,** ***Banks v. Percher*, 2006 WL 1878330 (M.D.Pa.,2006);** ***Smith v. Peachy*, 2005 WL 119801 (E.D.La.,2005);** ***Griffin v. Foti*, 2003 WL 22836493 (E.D.La.,2003); and** ***Martinez v. NYCPD Midtown-South 13th Precinct*, 1998 WL 13855 (S.D.N.Y.,1998)**. In those cases, however, the defendants either had not been served or were not in default. This court has not located any case in which the court was called upon to apply the statue in a situation similar to the one presented here, i.e, where a defendant was properly served, was ordered to reply, but failed to do so and is in default. The court must proceed without the benefit of either controlling or persuasive precedent.

## Recommendation

There are two possible applications of Section 1997e(g) to this case. This court has no basis on which to recommend one application over the other, as there is no precedent and either application is arguable. Therefore, this court makes its recommendation in the alternative as follows:

If the district court takes the position that the statute should be applied literally as written, this court recommends that plaintiff's Motion to Rule in Default Against Defendant Baker **(Doc. 47)** be denied, the previous entry of default **(Doc. 58)** be vacated, and plaintiff's case should be dismissed without prejudice.

In the alternative, the district could hold that relief is not precluded by Section 1997e(g)(1) because Baker was ordered to reply and was granted an extension of time in which

to do so, but he remains in default. If the district court takes this position, this court recommends that plaintiff's Motion to Rule in Default Against Defendant Baker **(Doc. 47)** be **granted** and that default judgment be entered against defendant James Baker in the amount of **$500.00 actual damages** and **$500.00 punitive damages**.

Objections to this Report and Recommendation must be filed on or before **February 16, 2007.**

Submitted:  January 30, 2007.

> s/ Clifford J. Proud
> **CLIFFORD J. PROUD**
> **U. S. MAGISTRATE JUDGE**